**In re ST. LOUIS–SAN FRANCISCO RY. CO.**

**No. 7004.**

District Court, E. D. Missouri, E. D.

Dec. 12, 1946.

Charles P. Williams, of St. Louis, Mo., George D. Gibson, of Richmond, Va., Leonard D. Adkins, of New York City, and John W. Riely, of Richmond, Va., for reorganization managers.

Jacob Chasnoff, of St. Louis, Mo., for prior lien bondholders' committee.

William V. Hodges, of Denver, Colo., Daniel Bartlett and J. D. Hennigan, both of St. Louis, Mo., for debtor.

C. O. Inman, of St. Louis, Mo., for objectors Brooks and Dikis.

G. C. Stribling, of St. Louis, Mo., for Central Hanover Bank & Trust Company, trustee under prior lien mortgage.

William G. Pettus, Jr., of St. Louis, Mo., for Chase National Bank, as trustee under consolidated mortgage, etc.

MOORE, District Judge.

On March 16, 1945, this Court entered an opinion, D.C., 59 F.Supp. 417, and on April 10, 1945, an order, approving a Plan of Reorganization submitted by the Interstate Commerce Commission in its "Report of the Commission on Further Consideration", under date of July 4, 1944, and its "Second Supplemental Report", under date of October 2, 1944. From the order of April 10, 1945, the Debtor and certain judgment creditors appealed. On February 8, 1946, the Circuit Court of Appeals for the Eighth Circuit affirmed the order of this Court, Brooks v. St. Louis-San Francisco Ry. Co., 153 F.2d 312, and on March 6, 1946, appellant's petition for rehearing was denied. On June 10, 1946, Brooks v. St. Louis-San Francisco Ry. Co., 66 S.Ct. 1365, the Supreme Court denied appellant's petition for writs of certiorari to review those decisions, and on October 14, 1946, denied a supplemental motion to the same effect, St. Louis-San Francisco Ry. Co. v. Chase Nat. Bank, 67 S.Ct. 30.

The said Plan of Reorganization was, after approval by this Court, duly submitted by the Commission to all classes of security holders entitled to vote thereon. The results of the voting are set out in the Commission's "Summary of Certificate" (p. 7887 of Printed Record). The Plan was accepted by all classes of creditors entitled to vote thereon in the following percentages:

| Class | |
|---|---|
| 2. Holders of the Kansas City Fort Scott and Memphis Railway Company refunding-mortgage bonds | 99.99% |
| 3. Holders of the Debtor's prior-lien mortgage bonds | 99.83% |
| 4. Holders of the Debtor's consolidated mortgage bonds | 98.21% |
| 5. Holders of the Debtor's promissory notes payable to banks | 100.00% |

Following acceptance of the Plan by the creditors, this Court entered an opinion and order on November 15, 1945, confirm-

ing the Plan. On June 19, 1946, the Circuit Court of Appeals dismissed appeals by the Debtor and the judgment creditors. On September 4, 1946, a petition and a supplemental petition for rehearing were denied, and on November 12, 1946, the Supreme Court denied appellants' petition for writs of certiorari to review those decisions.

On that same day the Debtor filed in this Court a petition praying inter alia that the proceedings and Plan heretofore confirmed be sent back to the Interstate Commerce Commission for further consideration. The matter is now before this Court on the motion of the Committees and the Indenture Trustees to deny that petition.

It is readily evident from this summary statement that the Debtor has pursued to exhaustion all ordinary, and some extraordinary, means of pressing its contentions upon the Commission, this Court, the Circuit Court of Appeals, and the Supreme Court. After the denial by the Supreme Court of its petition for certiorari to review the action of the Circuit Court of Appeals in affirming this Court's confirmation of the Plan, there is at least a grave doubt as to the standing of the Debtor to protest further the exclusion of its stockholders and unsecured creditors from participation in the Plan. But even assuming that such a protest is competent from such a source, it does not appear that the instant petition of the Debtor presents anything for consideration that has not been repeatedly urged at every stage of these proceedings and before all tribunals concerned, and that, in particular, was not fully examined by the Commission in the formulation of the Plan. See the opinion of this Court, In re St. Louis-San Francisco Ry. Co., D. C., 59 F.Supp. 417, and of the Circuit Court of Appeals, Brooks v. St. Louis-San Francisco Ry. Co., 8 Cir., 153 F.2d 312. See, also, Reconstruction Finance Corp. et al. v. Denver & R. G. W. R. Co. et al., 66 S.Ct. 1282, for the Supreme Court's holdings in a similar case.

As of January 1, 1947, after certain interest payments, there will remain some $119,000,000 of claims of bondholders which are unsatisfied by the present Plan. It cannot be said that there are at present or in prospect economic developments in the Frisco picture of such magnitude as to justify any hope for the participation in the reorganized road of stockholders and unsecured creditors in the face of as large an amount of senior claims. To satisfy those senior claims alone would require recapitalization at half again the figure authorized by the present Plan. It is inconceivable that such a capital structure is now, or in the visible future will be, justified.

Indeed, such developments as have occurred since the confirmation of the Plan have been, if anything, detrimental to the Debtor's position. Gross earnings of the property are down; operating costs are sharply up; consequently net earnings are also down. The price of money, as reflected in the interest rates of railroad bonds, has risen, as the Court judicially knows. All these factors have had their effect on the prospective value of the new securities to be issued under the present Plan. Both bonds and stock of the new issues are selling on the when-issued market at drastic discounts from their stated values.

For these reasons the Court considers that there is no merit in the petition of the Debtor to send the proceeding and Plan back to the Commission for further consideration; and that the motion of the Committees and the Indenture Trustees to deny the said petition is well taken.

Accordingly, the Court doth order that the motion of the Committees and the Indenture Trustees to deny the petition of Debtor, filed herein November 12, 1946, be and it is hereby sustained; and that the petition of the Debtor, filed herein November 12, 1946, be and it is hereby denied.